**UNITED STATES**

v.

**Airman First Class Victor P. PETERSEN, FR 110–60–7629 United States Air Force.**

**ACM 23491.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 26 Jan. 1982.

Decided 18 Nov. 1982.

Appellate Counsel for the Accused: Colonel George R. Stevens and Captain J. Laurens Tullock.

Appellate Counsel for the United States: Colonel James P. Porter, Colonel Kenneth R. Rengert, and Major George D. Cato.

Before HEMINGWAY, CANELLOS and RAICHLE, Appellate Military Judges.

## DECISION

PER CURIAM:

■ Contrary to his pleas, the accused was convicted of use and possession of marijuana, communication of threats, dereliction of duty, and perjury, in violation of Articles 134, 92 and 131, Uniform Code of Military Justice, 10 U.S.C. §§ 934, 892 and 931.* He was sentenced to a bad conduct discharge, confinement at hard labor for two years, total forfeitures and reduction to airman basic.

■ The accused now contends the military judge should have disqualified himself because he served as military judge in a prior trial of a prosecution witness. We disagree.

A military judge is not subject to challenge for merely presiding over a closely related case; personal bias, not exposure to issues, forms the basis for a recusal or challenge for cause. *United States v. Jarvis,* 22 U.S.C.M.A. 260, 46 C.M.R. 260 (1973).

A Court of Military Review may take judicial notice of cases earlier reviewed by it. *United States v. Pulliam,* 14 M.J. 617

(A.F.C.M.R.1982). Due to defense counsel's insinuation in his brief that the trial judge had predetermined the credibility of the prosecution witness, we take notice of the record of trial of that prosecution witness. The witness concerned did not testify in his own trial. Thus, the military judge had no prior opportunity to assess the credibility of this witness. While it would have been better for the military judge to disclose his prior involvement in the witness's trial, we find no prejudice from his failure to do so. The record of trial *sub judice* is devoid of any evidence of personal bias. To the contrary, the military judge was impartial and displayed an abundance of patience.

■ We have considered the other assigned errors and resolved them adversely to the accused. Accordingly, the approved findings of guilty and sentence are affirmed. However, pursuant to the decision in *United States v. Lynch,* 13 M.J. 394 (C.M.A.1982), an administrative credit for the unlawful pretrial confinement is ordered. *United States v. Pettersen,* 14 M.J. 608 (A.F.C.M.R.1982).

---

* At the beginning of this six day trial, the accused faced 14 specifications. Some of the specifications, which were dismissed, were duplicitous, some were multiplicious for sentencing purposes. Only five unmodified specifications produced findings of guilt. Two specifications resulted in findings of guilt with exceptions and substitutions. In brief, it appears the staff judge advocate and convening authority substituted referral to trial for the independent exercise of judgment. We urge all staff judge advocates to again take heed of the guidance contained in AFM 111–1 (2 July 1973), Military Justice Guide, para. 3–2, which discourages charging an accused with every conceivable variation of his offenses.