**Gerald A. AMIRAULT, Petitioner, Appellant,**

v.

**Michael V. FAIR, Respondent, Appellee.**

No. 91–2308.

United States Court of Appeals, First Circuit.

Heard June 1, 1992.

Decided July 8, 1992.

---

Frank Mondano with whom Juliane Balliro and Balliro, Mondano, & Balliro, P.C. were on brief for petitioner, appellant.

Pamela L. Hunt, Asst. Atty. Gen., with whom Scott Harshbarger, Atty. Gen., was on brief for respondent, appellee.

Before SELYA, Circuit Judge, LAY,* Senior Circuit Judge, and O'SCANNLAIN,** Circuit Judge.

PER CURIAM.

Gerald Amirault brings this habeas petition challenging his state court conviction on seven counts of indecent assault and battery of a child, and on eight counts of rape of a child. Amirault claims that a juror's failure to disclose a material fact during voir dire questioning violated his

---

*Of the Eighth Circuit, sitting by designation.*

**Of the Ninth Circuit, sitting by designation.*

Sixth Amendment right to an impartial jury and that improper remarks made by the prosecutor denied his right to a fair trial. The federal district court denied Amirault's petition for a writ of habeas corpus. We affirm.

### Juror Misconduct

■ Two days after the jury reached its verdict, defense counsel received information that one of the jurors had been a rape victim forty years earlier. Although the jurors were asked on voir dire if they or any of their family members had ever been involved in a civil or criminal case, the juror failed to inform the court that when she was fourteen years old she was raped by a neighbor, brought charges against him, and testified at his trial. The man she accused of raping her was convicted and served a term of imprisonment for the crime.

When defense counsel brought this matter to the attention of the trial court, the court granted counsel permission to examine the juror's voir dire responses, conduct a private investigation into the allegations, and examine state criminal records pertaining to the 1946 rape. The court ultimately conducted an evidentiary hearing to examine the juror. While the court conducted its own inquiry of the juror, it also provided both parties the opportunity to question her. The juror testified that she had no memory of the rape, but suggested that if it had happened it must have been "over forty years ago." She later admitted that something had happened to her as a child but claimed to have no memory of it.

After its examination of the juror, the state trial court concluded that the juror had genuinely "blocked" from her conscious mind the memory of the event and that she therefore answered the voir dire questions honestly. The court further concluded that "[b]ased upon the evidence pro-

duced and reviewed, it was and is clear and settled in the mind of the court that [the juror] harbored no bias or prejudice against the defendant. . . ." *Commonwealth v. Amirault,* Nos. 85–70 to 80, 85–2653 to 2666, slip op. at 6 (Mass.Super.Ct. Aug. 20, 1986) (memorandum of decision on defendant's motion for new trial). This conclusion was based in part on the court's assessment of the juror's honesty, sincerity and apparent respect for the integrity of the criminal justice system. Upon determining that the juror neither intentionally deceived the court nor harbored any bias against the defendant, the court declined to permit the defense to extend the hearing to include other witnesses.[1]

Amirault concedes that the trial court acted properly in conducting a post-conviction hearing to examine the juror and that trial court findings on questions of juror partiality are presumed correct under 28 U.S.C. § 2254(d) (1988). He claims, however, that the trial court's findings of impartiality are not fairly supported by the record. We disagree.

■ A trial court's findings on issues of juror credibility and honesty are determinations "peculiarly within a trial judge's province" and are accorded great deference. *Wainwright v. Witt,* 469 U.S. 412, 428, 105 S.Ct. 844, 854, 83 L.Ed.2d 841 (1985); *see also Patton v. Yount,* 467 U.S. 1025, 1038, 104 S.Ct. 2885, 2892, 81 L.Ed.2d 847 (1984). As the district court found, the petitioner has failed to produce convincing evidence that the trial court's finding that the juror answered honestly the questions on voir dire was erroneous.

■ Although we read the majority vote in *McDonough Power Equipment v. Greenwood,* 464 U.S. 548, 104 S.Ct. 845, 78 L.Ed.2d 663 (1984), to require a further determination on the question of juror bias even where a juror is found to have been

---

**1.** During a break in the hearing, a court clerk reported to defense counsel a conversation he had had with the juror's counsel. According to the clerk, the juror's attorney told him prior to the hearing that the juror had been the victim of a sexual assault but that she could remember no details. Amirault challenges the court's denial

of his request that the clerk be permitted to testify at the hearing because he believes such testimony would have served to impeach the juror. We agree with the district court that such testimony would have had little value to the proceeding.

honest,[2] we find that bias should not be implied here. As the federal district court observed, the situation presented here of a juror found to have blocked the memory of an unrelated forty-year-old rape does not rise to the level of "exceptional" or "extreme" circumstances which may permit a finding of implied bias. *See Smith v. Phillips*, 455 U.S. 209, 222, 102 S.Ct. 940, 948, 71 L.Ed.2d 78 (1982) (O'Connor, J., concurring).

### Prosecutorial Misconduct

■ Amirault claims that certain remarks made by the prosecutor violated his right to a fair trial. Amirault first challenges a reference by the prosecutor to his post-arrest silence as a violation of his Fifth Amendment rights. *See Doyle v. Ohio*, 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976) (exercise of right to remain silent may not be used against defendant at trial). In her closing remarks, the prosecutor told the jury that while the law forbids the state from approaching the defendant after his arrest, the law does not prevent defendants from affirmatively telling his side of the case. We agree with the district court that the "fair response" exception to the rule applies here. *See United States v. Robinson*, 485 U.S. 25, 108 S.Ct. 864, 99 L.Ed.2d 23 (1988). The prosecutor made mention of Amirault's silence because defense counsel had just suggested to the jury that the prosecution was biased against Amirault because no one ever asked him his side of the story. We also find the curative instructions issued by the court sufficient.

■ Amirault also challenges the prosecutor's reference to facts not in evidence, her expression of personal opinion with respect to a theory advanced by one of Amirault's expert witnesses, her alleged suggestion that the defendant had the burden of disproving the allegations, her mischaracterization of the defense theory, and her suggestion that incriminating evidence had been removed from the defendant's home prior to the jury's visit there. To prevail on these claims, Amirault must show that the remarks "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Donnelly v. DeChristoforo*, 416 U.S. 637, 643, 94 S.Ct. 1868, 1871, 40 L.Ed.2d 431 (1974) (level of review for cases which do not involve prosecutorial remarks which "so prejudice[] a specific right, such as the privilege against compulsory self-incrimination, as to amount to a denial of that right."); *see also Smith v. Phillips*, 455 U.S. 209, 219, 102 S.Ct. 940, 947, 71 L.Ed.2d 78 (1982) ("[T]he touchstone of due process analysis in cases of alleged prosecutorial misconduct is the fairness of the trial, not the culpability of the prosecutor."). We find that petitioner has failed to make this showing. We agree with the district court's finding that these comments did not rise to the level of constitutional error and that the curative instructions were sufficient.

We thus find no constitutional error and affirm the district court's order denying the petition for a writ of habeas corpus.

*Affirmed.*

---

**2.** *See McDonough*, 464 U.S. at 556–57, 104 S.Ct. at 850–51 (Blackmun, J., concurring) ("[R]egardless of whether a juror's answer is honest or dishonest, it remains within a trial court's option, in determining whether a jury was biased, to order a post-trial hearing at which the movant has the opportunity to demonstrate actual bias or, in exceptional circumstances, that the facts are such that bias is to be inferred."); *id.* at 558, 104 S.Ct. at 851 (Brennan, J., concurring) ("I therefore cannot agree with the Court when it asserts that a new trial is not warranted whenever a prospective juror provides an honest answer to the question posed.").