**UNITED STATES, Appellee,**

v.

**Private E2 Christopher MACK, 251–23–0839, United States Army, Appellant.**

**ACMR 9102134.**

U.S. Army Court of Military Review.

17 Feb. 1993.

---

For Appellant: Captain Robert H. Pope, JAGC (argued), Lieutenant Colonel James H. Weise, JAGC, Major Robin L. Hall, JAGC, Captain Mark L. Toole, JAGC, (on brief).

For Appellee: Captain Jane F. Polcen, JAGC (argued), Colonel Dayton M. Cramer, JAGC, Lieutenant Colonel Joseph A. Russelburg, JAGC, Major Joseph C. Swetnam, JAGC (on brief).

Before NAUGHTON, BAKER, and JOHNSTON, Appellate Military Judges.

## OPINION OF THE COURT

JOHNSTON, Judge:

Contrary to his pleas, the appellant was convicted by a general court-martial composed of officer members of assault with a means likely to produce death or grievous bodily harm, and soliciting another to commit sodomy in violation of Articles 128 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 928 and 934 (1982) [hereinafter UCMJ]. He was sentenced to a bad-conduct discharge, confinement for two years, forfeiture of all pay and allowances, and reduction to Private E1. The convening authority disapproved the findings of guilty for the wrongful soliciting offense, approved the findings for the assault offense, approved only eighteen months of the sentence to confinement, and otherwise approved the sentence.

The issue in this case is whether an accused who is charged with aggravated assault was denied his right to trial by a fair and impartial court-martial panel when a member of the court failed to reveal during voir dire that he had been the victim of an armed robbery thirty years previously. We find that the member had no actual or implied bias and affirm.

## I.

In this case, the appellant allegedly struck the victim on her legs, shoulders, and head with a metal bar. The blow to her head opened a deep wound in her scalp. The victim testified that the appellant struck her, while he maintained that the injuries were inflicted by another person. The court-martial panel resolved adversely to the appellant the credibility issue concerning the two versions of the incident.

The appellant contends that a panel member, Colonel S, concealed important information during voir dire that would have led to a challenge for cause or a peremptory challenge.[1] Approximately three months earlier, at another court-martial involving a different military judge and different counsel, Colonel S revealed that he had been held at gunpoint, tied up, and threatened with death during a robbery that occurred approximately thirty years previously.[2] The appellant believes that Colonel S should not have been allowed to serve as a member of the court-martial panel in this aggravated assault case because his experience as the victim of a violent attack during a robbery suggests bias against the appellant.

Both the instructions from the military judge and the responses during voir dire are material to the resolution of the issue. After several preliminary matters were disposed of at trial, Colonel S and other prospective members of the court-martial panel were summoned. The military judge confirmed that the members were properly identified in the court-martial convening order, and directed that the members be sworn. The oath for members, in pertinent part is as follows:

Do you (swear) (affirm) that you will answer truthfully the questions concerning whether you should serve as a member of this court-martial; that you will faithfully and impartially try, according to the evidence, your conscience, and the laws applicable to trial by court-martial, the case of the accused now before this court ...

The military judge gave the prospective members preliminary instructions, including the admonishment that they were required to follow his instructions on the law. The instructions included the following:

Now, in a few minutes counsel and myself will be given an opportunity to ask you questions and exercise challenges. With regard to challenges, if you know of any matter which might affect your impartiality to sit as a member in this case you should disclose it when asked. Bear in mind that any statement you make—whether it's of your own initiative or of the initiative of counsel—this matter should be made in such a way so as not to adversely affect the independence of the other court members—the impartiality of the other court members. You should just state the general terms and we will go into the specific terms outside the presence of the other members of the court....

. . . .

... You must answer all questions that are put to you, unless I indicate they need not be answered and you should respond in such a way that we can record your response.

Following the preliminary instructions, the military judge instructed the members to read the charges in the case. The aggravated assault charge alleged that the appellant committed an assault upon Ms. K "by striking her on the head, arm and leg with a metal bar and did thereby intentionally inflict grievous bodily harm upon her, to wit: a gash on her scalp."

---

1. We note that the issue in this case could have been avoided if the trial defense counsel had made skillful use of a comprehensive questionnaire for prospective court members. *See* Ingold, *Discovering and Removing the Biased Court Member,* The Army Lawyer, Jan. 1986 at 37–38. Information requested may require approval of the military judge. *See* Manual for Courts–Martial, United States, 1984, Rule for Courts–Martial 912(a)(1) [hereinafter R.C.M.].

2. There is ample authority for taking judicial notice of the record of trial in another court-martial. *See United States v. Jackson,* 2 C.M.R. 96 (C.M.A.1952); *United States v. Strawbridge,* 21 C.M.R. 482 (A.B.R.1956); *United States v. Petersen,* 15 M.J. 530 (A.F.C.M.R.1982).

The first series of questions during voir dire were posed by the military judge. He specifically asked "[h]as any member of the court ever been the victim—other than in a combat situation—ever been the victim of *any physical attack?*" (Emphasis added). Although another prospective panel member mentioned an incident in his youth where he was struck from behind and threatened with a knife, Colonel S remained silent. The military judge also asked if any member of the court had ever had "a close family member who has been the victim of *a violent assault?*" (Emphasis added). Again Colonel S remained silent.

In response to a question from the trial counsel, Colonel S affirmed that his experience in the 1960's as a trial counsel and defense counsel would have no affect on his ability to be fair to the appellant. The trial counsel also asked the members "[W]ould each of you feel comfortable, if you were in the accused's position, having someone with your mind-set sitting on the panel?" and "[W]ould each of you feel comfortable with that?" Each member responded in the affirmative.

The following colloquy occurred during individual voir dire of Colonel S by the trial defense counsel:

DC: Colonel [S], you indicated that you had some prior involvement at some level regarding somebody who had been involved with assault. Can you describe the circumstances?

[S] (MEM): It has probably been a couple of hundred involvements over the years. I can only remember, really, one case and that was so long ago. That was an assault with a weapon and that's really it. All the other stuff is gone. It's my age, you know. I just don't remember.

DC: Did you—that particular assault with the weapon, do know why that stands out in your mind?

[S] (MEM): Well, I was the trial counsel and we were interrupted by a mortar attack and never reconvened. So it is still open.

Colonel S again neglected to mention that he had been threatened, tied up, and held at gunpoint during a robbery. After asking other questions not relevant to the issues in this case, the trial defense counsel did not challenge Colonel S for cause or peremptorily.

II.

There is no question that in the military justice system an accused is "entitled to have his guilt or innocence determined by a jury composed of individuals with a fair and open mind." *United States v. Deain,* 5 U.S.C.M.A. 44, 17 C.M.R. 44, 49 (C.M.A. 1954). In the military context, as well as in the civilian system, the "right to a jury trial guarantees to the criminally accused a fair trial by a panel of impartial, 'indifferent' jurors." *Irvin v. Dowd,* 366 U.S. 717, 721–722, 81 S.Ct. 1639, 1642, 6 L.Ed.2d 751 (1961). The Manual for Courts–Martial provides that the members of a court-martial jury should be excused if there is a question about their fairness or impartiality. *See* R.C.M. 912(f)(1)(N). After trial, if "substantial unanswered questions exist on the record as to the impartiality of a member," then a rehearing may be ordered. *United States v. Reichardt,* 28 M.J. 113, 116 (C.M.A.1989).

To resolve this issue, we will rely upon the test enunciated by the Supreme Court in *McDonough Power Equipment, Inc. v. Greenwood,* 464 U.S. 548, 104 S.Ct. 845, 78 L.Ed.2d 663 (1984) and utilized by the federal courts.[3] In order to obtain a rehearing in these circumstances, the appellant must (1) demonstrate that a court-

3. Although *McDonough* involved a civil suit, the standard in that civil case has been applied to criminal cases by the majority of the federal courts. *See United States v. Humphrey,* 982 F.2d 254 (8th Cir.1992); *United States v. Boney,* 977 F.2d 624 (D.C.Cir.1992); *Amirault v. Fair,* 968 F.2d 1404 (1st Cir.1992); *United States v. North,* 910 F.2d 843 (D.C.Cir.1990); *United States v. Colombo,* 869 F.2d 149 (2d Cir.1989); *United States v. Scott,* 854 F.2d 697 (5th Cir.1988); *United States v. Aguon,* 851 F.2d 1158 (9th Cir. 1988); *United States v. O'Neill,* 767 F.2d 780 (11th Cir.1985); and, *United States v. Perkins,* 748 F.2d 1519 (11th Cir.1984).

martial member failed to answer honestly a material question on voir dire, and then (2) show that a correct response would have provided a valid basis for a successful challenge for cause. *See McDonough,* 464 U.S. at 556, 104 S.Ct. at 850. When applied to the case at bar, the first part of this test deals with material information while the second relates to actual or implied bias.

#### a.

■ We first must decide whether Colonel S answered honestly the questions posed to him during voir dire. Given the human propensity for self-justification, any additional factual inquiry at this late date would not be helpful. *See Smith v. Phillips,* 455 U.S. 209, 102 S.Ct. 940, 71 L.Ed.2d 78 (1982).

Some might argue that Colonel S did not intentionally mislead the military judge or the appellant. After all, presumably Colonel S was selected by the convening authority for court-martial panel membership based upon his age, education, training, experience, length of service, and judicial temperament. *See* UCMJ art. 25(d)(2). In addition, he had sworn to answer truthfully those questions posed during voir dire, and to "faithfully and impartially try, according to the evidence, [his] conscience, and the laws applicable to trial by court-martial, the case of the accused now before [the] court." R.C.M. 807(b)(2) discussion.

■ The question before us, however, is not one of sincerity—Colonel S truly may have believed that the information about the robbery was immaterial because this case involved an aggravated assault. He may have reasoned that the incident did not affect his impartiality. A court-martial member, however, may not conceal possibly disqualifying material facts because he sincerely believes that he can be fair. It is for the military judge rather than the member to decide whether the circumstances preclude service on the court-martial panel.

*See United States v. Scott,* 854 F.2d 697, 699 (5th Cir.1988).

In this case, Colonel S was asked if he was the victim of "any physical attack." Although he had read the charges that focused on the victim's injury from being violently struck with a metal bar, he mentioned during individual voir dire an incident more than twenty years previously where he had been the trial counsel for a case involving an assault with a weapon. We find it unlikely that he forgot about the robbery incident involving the use of a weapon. We also find it unlikely that he did not consider the incident a "physical attack," particularly in view of his answers during voir dire in a court-martial involving a larceny tried only three months prior to the inquiry in this case. Although we are reluctant to find that Colonel S answered the voir dire queries dishonestly, we are satisfied that he did not reveal material information.[4]

#### b.

■ We also must decide whether the information Colonel S failed to reveal amounted to actual or implied bias that prevented the appellant from receiving a fair trial.

■ The appellant would have us believe that he should prevail on appeal merely by demonstrating that the information withheld would have allowed him to assert a challenge for cause. We disagree. The courts have repeatedly said that an accused is entitled to "a fair trial but not a perfect one." *Brown v. United States,* 411 U.S. 223, 93 S.Ct. 1565, 36 L.Ed.2d 208 (1973). Neither the Sixth Amendment right to an impartial jury nor due process concepts implicit under the Fifth Amendment require automatic reversal. *See United States v. Boney,* 977 F.2d 624 (D.C.Cir.1992).

The Eighth Circuit Court of Appeals noted in *United States v. Humphreys,* 982 F.2d 254 (8th Cir.1992), that

[i]t is the defendant's duty to investigate, to question, and to assert a challenge

---

**4.** The Eleventh Circuit Court of Appeals reads *McDonough* as requiring the bias inquiry as to the second prong of the test where a juror answered voir dire questions honestly but withheld material information. *See Amirault v. Fair,* 968 F.2d 1404 (11th Cir.1992) (juror in a rape case had blocked memory of her own rape 40 years previously).

[against a member] prior to the return of the verdict.... In an effort to obtain a new trial, it is incumbent upon the defendant to clearly demonstrate that the juror's ... actual bias or prejudice affect[ed] the juror's impartiality and impact[ed] the fairness of the trial. A challenge after the verdict without such a showing comes too late.

*Id.*

In our view this interpretation is consistent with the principle outlined by the Supreme Court that "only those reasons [for concealing information] that affect a juror's impartiality can truly be said to affect the fairness of a trial." *McDonough*, 464 U.S. at 556, 104 S.Ct. at 850.

 While we are satisfied that the facts of this case do not show actual bias by Colonel S, we must decide whether there was a substantial question about his impartiality. The standard to be applied concerning implied bias is whether the facts show such a close connection to the circumstances at hand that bias may be presumed. *See United States v. Perkins*, 748 F.2d 1519 (11th Cir.1984); *United States v. Nell*, 526 F.2d 1223, 1229 (5th Cir.1976). As Chief Justice Marshall stated, a person "may declare that he feels no prejudice in the case; yet the law cautiously incapacitates him from sitting on the jury because it supposes prejudice, because in general, persons in a similar situation would feel prejudiced." *United States v. Burr*, 25 F.Cas. 49, (CC VA.1807) (No. 14, 692g), quoted in *Smith*, 455 U.S. at 209, 102 S.Ct. at 940.

 Although the concept of implied bias is a viable principle in military law, it is not to be applied indiscriminately. *See United States v. Harris*, 13 M.J. 288 (C.M.A.1982). The concept is reserved for those situations where there are implications of Fifth or Sixth Amendment violations. *United States v. Porter*, 17 M.J. 377 (C.M.A.1984). The circumstances in this case and the passage of time since the robbery incident persuade us that Colonel S was part of a military jury that, under the watchful eye of a military judge, "was capable and willing to decide the case solely on the evidence before it." *Smith*, 455 U.S. at 217, 102 S.Ct. at 946.

The circumstances of the appellant's case and the robbery involving Colonel S vary significantly. The case at bar involved an aggravated assault with a metal bar in which grievous bodily harm was allegedly inflicted. The incident Colonel S failed to reveal primarily concerned an "offer" type assault with a firearm during a robbery. This difference between the offenses suggests a lack of bias. *See United States v. Nickell*, 883 F.2d 824 (9th Cir.1989) (no new trial ordered in product tampering case when juror had been involved in product contamination case).

In our view, the passage of a significant period of time also argues against implied bias. *See Amirault v. Fair*, 968 F.2d 1404 (1st Cir.1992) (rape forty years earlier of juror in a rape case did not rise to level of exceptional or extreme circumstances permitting finding of implied bias); *United States v. Casamayor*, 837 F.2d 1509 (11th Cir.1988) (no new trial when juror failed to disclose police training 23 years previously); *United States v. McCorkle*, 248 F.2d 1 (3d Cir.1957) (new trial required when juror who was robbed seven months prior to trial was disqualified). The incident that Colonel S failed to reveal occurred nearly thirty years previously.

Finally, the information that Colonel S failed to reveal bears little resemblance to the types of material facts that have given rise to successful requests for a new trial. *See United States v. Aguon*, 851 F.2d 1158 (9th Cir.1988) (juror failed to disclose he had been convicted of a similar crime); *United States v. Bynum*, 634 F.2d 768 (4th Cir.1980) (juror failed to reveal that his brother had been convicted of a felony); *Perkins*, 748 F.2d at 1519 (juror failed to reveal she knew the defendant); *Scott*, 854 F.2d at 697 (juror failed to reveal that brother was a deputy sheriff); *Burton v. Johnson*, 948 F.2d 1150 (10th Cir.1991) (juror failed to disclose own abusive family situation in murder trial of a defendant

who was a battered wife).[5]

All of these considerations persuade us that Colonel S's experience as a robbery victim thirty years before did not bear such a close connection to the circumstances of the appellant's case that bias may be implied. Consequently, we hold that the appellant was not deprived of a fair trial by a court-martial panel composed of impartial members.

The other assigned errors, as well as those errors raised pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), are without merit.

The findings of guilty and the sentence are affirmed.

Senior Judge NAUGHTON and Judge BAKER concur.

**5.** In *United States v. Porter,* 17 M.J. 377 (C.M.A. 1984), the Court ruled that a court-martial panel member in a robbery case was not precluded from sitting merely because he had been the victim of a larceny the day before trial began. Although that case dealt with the alleged erroneous denial by the military judge of a challenge

for cause, the ultimate issue is the same as in this case: has the accused been denied a fair trial because members of the court had something in their background that should have kept them from deciding the issue of guilt and imposing a sentence?