89 F.3d 824
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
John J. SULLIVAN, Petitioner, Appellant,
v.
WARDEN, New Hampshire State Prison, Respondent, Appellee.
 No. 95-1994.
 United States Court of Appeals, First Circuit.
 June 26, 1996.
 
 APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW HAMPSHIRE [Hon. Joseph A. DiClerico, Jr., U.S. District Judge ]
 John J. Sullivan on brief pro se.
 Jeffrey R. Howard, Attorney General, and Janice K. Rundles, Senior Assistant Attorney General, on brief for appellee.
 D.N.H.
 AFFIRMED.
 Before TORRUELLA, Chief Judge, CYR and STAHL, Circuit Judges.
 PER CURIAM.
 
 
 1
 John J. Sullivan appeals pro se from the denial of his petition for a writ of habeas corpus. For the following reasons, we affirm.[1]
 
 
 2
 A New Hampshire state jury found Sullivan guilty of the second degree murder of Lynne Rousseau and the first degree murder of Harry Pike. Sullivan's conviction was affirmed on direct appeal to the New Hampshire Supreme Court. State v. Sullivan, 551 A.2d 519 (N.H.1988). On January 13, 1995, Sullivan sought federal habeas relief pursuant to 28 U.S.C. § 2254. The habeas petition was referred to a magistrate judge who recommended that it be denied. On July 7, 1995, the district judge approved the recommendation of the magistrate. This appeal followed.
 
 
 3
 Sullivan argues that the evidence was insufficient to prove the elements of premeditation and deliberation required for a conviction of first degree murder under New Hampshire state law. We disagree. Since the state court reviewed the evidence of premeditation in some detail and we fully agree with its analysis of the sufficiency of this evidence, we need add only the following comments. Contrary to Sullivan's contention, the jury was not bound by his expert's "uncontradicted" testimony that Sullivan's intoxication on the night of the killings rendered him unable to premeditate. See State v. Rullo, 412 A.2d 1009, 1011-12 (N.H.1980) (observing that the trier of fact may reject expert testimony even when the opposing party has presented none). This is particularly so in light of countervailing evidence--including testimony regarding Sullivan's ability immediately before and after the killings to understand questions and to express himself--from which the trier of fact could infer that he was capable of premeditating. See Jackson v. Virginia, 443 U.S. 307, 319 (1979) (stating that the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt). We add that we reject as meritless Sullivan's claim that the jury instructions on premeditation and burden of proof were confusing, much less any suggestion that these instructions were violative of due process. The instructions adequately explained the difference between "premeditation" and "knowingly" and, as a whole, clearly conveyed to the jury that the prosecution bore the burden of proving the elements of the crime beyond a reasonable doubt.
 
 
 4
 Sullivan also contends that the prosecutor improperly cross-examined him concerning a propensity toward violence and a general dislike of women, that the prosecutor misrepresented evidence in his closing, and that this "misconduct" by the prosecutor requires a new trial. On habeas, we review state court proceedings only for constitutional error. See, e.g., Amirault v. Fair, 968 F.2d 1404, 1406 (1st Cir.) (explaining that to prevail on a claim of prosecutorial misconduct, a habeas petitioner must show that the prosecutor's conduct " 'so infected the trial with unfairness as to make the resulting conviction a denial of due process' " (quoting Donnelly v. DeChristoforo, 416 U.S. 637, 643 (1974))), cert. denied, 506 U.S. 1000 (1992); Puleio v. Vose, 830 F.2d 1197, 1204 (1st Cir.1987) (observing that habeas review does not ordinarily extend to state court rulings on the admissibility of evidence), cert. denied, 485 U.S. 990 (1988). In the instant case, the New Hampshire Supreme Court found the challenged character evidence to be admissible under state law, and we do not think the admission of the evidence--or the prosecutor's conduct in eliciting it--violated due process. Similarly, having reviewed the trial transcript, we reject as meritless Sullivan's suggestion that the prosecutor's closing remarks rendered his trial fundamentally unfair, especially given the trial court's repeated instructions that the jurors should rely on their own memory of the evidence.
 
 
 5
 Last, since Sullivan did not raise the issue in his habeas petition, we decline to address his argument that he is entitled to some form of relief because the State--which provided Sullivan's counsel on direct appeal with a copy of the trial transcripts--failed to provide Sullivan with a personal copy of these transcripts. See Cacoperdo v. Demosthenes, 37 F.3d 504, 507 (9th Cir.1994) (grounds not raised in habeas petition are not cognizable on appeal), cert. denied, 115 S.Ct. 1378 (1995). We note, however, that Sullivan has had the benefit of these transcripts in this appeal, and that we have carefully considered all citations to the record.
 
 
 6
 Affirmed.
 
 
 
 [1]
 While this case was pending on appeal, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. 104-132, 110 Stat. 1214 (April 24, 1996). Although neither party has raised the issue, we note that we need not decide in this case whether any of the amendments in the Act apply since it would not alter our disposition