**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Fred SCOTT, Raymond Peacock and
Lawrence Catha,
Defendants–Appellants.**

Nos. 87–3732, 87–3936 and 88–3081.

United States Court of Appeals,
Fifth Circuit.

Aug. 25, 1988.

Patrick Fanning, New Orleans, La., for Scott.

James A. McPherson, Metairie, La., for Peacock.

Mel Black, Miami, Fla., for Catha.

Robert J. Boitmann, Gerry Deegan, Cynthia R. Hawkins, Asst. U.S. Attys., New Orleans, La., for U.S.

Before WISDOM, RUBIN, and JONES, Circuit Judges.

WISDOM, Circuit Judge:

The defendants appeal their convictions on drug charges. We reverse and remand for a new trial.

### I.

Scott, Peacock, Catha, and several others were indicted in a conspiracy to import marijuana into the United States from Colombia. Several of the co-defendants made plea bargains; only Scott, Peacock, Catha, and one other co-defendant went to trial. Peacock and Catha were convicted of conspiracy to import marijuana and importation of marijuana. Scott was convicted of conspiracy to import marijuana and possession of marijuana with intent to distribute.[1]

Peacock and Catha admitted the predicate acts of the alleged conspiracy and defended by contending that they were entrapped by a paid government informant. Scott did not argue entrapment, but denied any knowledge of or participation in the alleged scheme. Scott asked the district court to sever his trial from the trial of Peacock and Catha, contending that their entrapment defense would prejudice him.

The district court found no prejudice and denied Scott's request for severance, but

---

1. The fourth co-defendant does not appeal his conviction.

offered the defendants, as a group, the option of a bifurcated trial. All, including Peacock and Catha, consented to this option before the trial began. In the first phase, the "non-entrapment" defendants presented their cases to the jury. The jury convicted Scott and one other. In the second phase, Peacock and Catha presented their entrapment defense to the same jury. The jury again deliberated, this time over Peacock and Catha, and convicted them.

The jury foreman was David Buras. His brother, Stephen, a detective, is a deputy sheriff in the Jefferson Parish Sheriff's Office. That office performed some of the investigation in this case.

During *voir dire*, the judge asked the jurors as a group

> Are any of you now serving as law enforcement officials, or are any close relatives? By that I mean, spouse, child, somebody dependent upon you, a close relative.

David Buras was present when two prospective jurors volunteered that their spouses were law enforcement officials. They were then excused. One of these was questioned immediately before Buras was questioned. When the court then asked Buras if any of the questions asked of other jurors applied to him, Buras failed to say that his brother was a deputy sheriff in Jefferson Parish.

The relationship of Buras, the forman of the jury, and Buras, the deputy sheriff, was discovered only after the trial. The defendants moved for a new trial. The district court held a hearing on the matter during which the court and counsel questioned David Buras. He acknowledged that his brother was a Jefferson Parish deputy sheriff but stated that he had not furnished the information in answer to the trial judge's question because he did not think that it would affect his judgment in the case.

The trial judge found that in the light of the other jurors' responses and subsequent discharges, Buras's failure to say that his brother was a deputy sheriff was "unreasonable". The trial judge further found that had the information been disclosed, he would have excused Buras for cause. The court stated:

> In effect, by not mentioning his brother's law enforcement activities, Mr. Buras withdrew from defense counsel and the court the decision as to whether he should nevertheless serve as a juror and made that decision himself.

Nevertheless, because the court found that Buras "sincerely" believed that his brother's position would not affect his impartiality as a juror, it denied the motion for a new trial.

## II.

■ In *Smith v. Phillips*, the Supreme Court stated:

> This Court has long held that the remedy for allegations of juror partiality is a hearing in which the defendant has the opportunity to prove actual bias.[2]

In *McDonough Power Equipment, Inc. v. Greenwood*, the Court explained the standard for evaluating alleged juror misconduct in answering *voir dire* questions:

> to obtain a new trial ... a party must first demonstrate that a juror failed to answer honestly a material question on *voir dire*, and then further show that a correct response would have provided a valid basis for challenge for cause. The motives for concealing information may vary, *but only those reasons that affect a juror's impartiality can truly be said to affect the fairness of a trial.*[3]

There is no dispute that Buras would have been challenged and excused for cause had he revealed that his brother was a deputy sheriff in the Jefferson Parish Sheriff's Office. The dispute here, as the trial judge and the United States couched it, is whether Buras "failed to answer *honestly*". At bottom, however, the issue is whether Bu-

---

**2.** 455 U.S. 209, 215, 102 S.Ct. 940, 945, 71 L.Ed.2d 78, 85 (1982). *See also Remmer v. United States*, 347 U.S. 227, 230, 74 S.Ct. 450, 451–52, 98 L.Ed. 654 (1954).

**3.** 464 U.S. 548, 556, 104 S.Ct. 845, 850, 78 L.Ed.2d 663, 671 (1984) (emphasis added).

ras was biased because of his relationship with his brother.[4]

The district court found that Buras was "sincere". That is an insufficient basis for the court to accept Buras as a juror. A finding of "sincerity" is not the same as a finding that the juror was unbiased. A juror may not conceal material facts disqualifying him simply because he *sincerely* believes that he can be fair in spite of them. As Justice O'Connor observed in *Smith v. Phillips* :

> Determining whether a juror is biased or has prejudged a case is difficult, partly because the juror may be unaware of it. The problem may be compounded when a charge of bias arises from juror misconduct, and not simply from attempts of third parties to influence a juror.[5]

In *United States v. Nell,* this court explained that juror bias can come to light in two ways: "by express admission or by proof of specific facts showing such a close connection to the circumstances at hand that bias must be *presumed* ".[6] Similarly, Justice O'Connor, concurring in *Smith v. Phillips,* wrote:

> ... in certain instances a hearing may be inadequate for uncovering a juror's biases, leaving serious question whether the trial court had subjected the defendant to manifestly unjust procedures resulting in a miscarriage of justice. While each case must turn on its own facts, there are *some extreme situations that would justify a finding of implied bias.* Some examples might include a revelation that the juror is an actual employee of the prosecuting agency, that the juror is a close relative of one of the participants in the trial or the criminal transaction, or that the juror was a witness or somehow involved in the criminal transaction.[7]

This case presents us with a combination of the two means of proving juror bias, a juror (1) with connection to the circumstances in the case (2) whose express explanation of his failure to disclose that connection creates a legal presumption of bias or an "implied bias".

There is a tension, if not a contradiction, in the court's findings. On the one hand, the district court found Buras's failure to respond "unreasonable". On the other hand, the court found that David Buras's belief that he was unaffected by his brother's employment with a policy agency involved in the investigation in this case was "sincere".

The record of the *voir dire* strongly suggests that Buras wanted to serve on the jury and feared that he would not be allowed to do so if he disclosed his brother's employment. Buras contends that, despite the summary excusal of two prior venire members with close relatives in law enforcement, he understood that his brother's employment would be grounds for excusal only if *he* believed that it would affect his judgment.

Buras's explanation of his failure to disclose his brother's job limps badly. Buras did not simply misunderstand the question asked. Nor did he simply forget the question or forget that his brother was a deputy sheriff in a law enforcement agency involved in the investigation. Rather, juror Buras consciously censored the information. He believed that it was *his* place, and not the place of the court or defense counsel, to determine whether his relations were a bar to jury service in this case. There is a strong inference that Buras wanted to serve on this jury and thought it unlikely that the court or defense counsel would permit him to do so.

Buras was hostile to what he correctly perceived to be the interests of the defense and the court. This in itself constitutes bias. As other circuits have recognized, " '[c]ertainly, when possible non-objectivity is secreted and compounded by the untruthfulness of a potential juror's answer

---

**4.** *Id.* at 556–57, 104 S.Ct. at 850–51, 78 L.Ed.2d at 672 (Blackmun, J., concurring).

**5.** 455 U.S. at 221–22, 102 S.Ct. at 948, 71 L.Ed.2d at 89 (O'Connor, J., concurring) (emphasis added).

**6.** 526 F.2d 1223, 1229 (5th Cir.1976) (emphasis added). *See also United States v. Wood,* 299

U.S. 123, 133, 57 S.Ct. 177, 179, 81 L.Ed. 78, 82 (1936).

**7.** 455 U.S. at 222, 102 S.Ct. at 948, 71 L.Ed.2d 89 (O'Connor, J., concurring).

on *voir dire*, the result is a deprivation of the defendant's right to a fair trial' ".[8]

In general, motions for a new trial are committed to the discretion of the trial court.[9] This is as true in criminal cases as it is in civil cases such as *McDonough*.[10] As this court observed in *Nell*, however, in criminal cases "[d]oubts about the existence of actual bias should be resolved against permitting the juror to serve".[11] In this case, a genuine prospect of actual bias has been raised, not only by the revelation of Buras's relationship to a deputy sheriff in the Jefferson Sheriff Office but also by Buras's own explanation of his failure to reveal that relation during *voir dire*.[12]

In the light of the *voir dire* proceedings in this case, we hold that there was a sufficient implication of David Buras's bias to require a new trial. The district court erred in denying the motion for a new trial.

### III.

■ Peacock and Catha also contend that they are entitled to a new trial because

the bifurcated trial violated their sixth amendment right to an impartial jury by requiring them to present their defense to a jury that had just convicted their co-defendants. To say the least, bifurcation, as in this case, is often an awkward and troublesome trial procedure.[13] But because we reverse these convictions on another ground, we do not address this matter here. We do, however, note our agreement with the district court's conclusion that no prejudice to Scott would result from a joint trial with Peacock and Catha. This court has several times expressed the opinion that the defense of entrapment is generally not prejudicial to co-defendants.[14]

### IV.

For the foregoing reasons, the defendants' convictions are REVERSED and the cause is REMANDED to the district court for a new trial.

**8.** *United States v. Perkins*, 748 F.2d 1519, 1533, (11th Cir.1984) *quoting United States v. Bynum*, 634 F.2d 768, 771 (4th Cir.1980).

**9.** *McDonough*, 464 U.S. at 556, 104 S.Ct. at 850, 78 L.Ed.2d at 671, *citing Montgomery Ward & Co. v. Duncan*, 311 U.S. 243, 251, 61 S.Ct. 189, 194, 85 L.Ed. 147 (1940).

**10.** *See Perkins*, 748 F.2d at 1533; *United States v. Tutt*, 704 F.2d 1567, 1569 (11th Cir.), *cert. denied*, 464 U.S. 855, 104 S.Ct. 174, 78 L.Ed.2d 156 (1983).

**11.** 526 F.2d at 1230.

**12.** Each such case, however, must be decided on its own facts. *Smith*, 455 U.S. at 223, 102 S.Ct. at 949, 71 L.Ed.2d at 90 (O'Connor, J., concurring). Because the facts tend to be highly idiosyncratic in cases of alleged juror bias based on nondisclosures during *voir dire*, the results are varied. *Compare, e.g., Perkins*, 748 F.2d at 1532–33 (new trial required when juror did not disclose a prior, personal acquaintance with the defendant, "because he forgot about it"); *and Bynum*, 634 F.2d at 770–71 (new trial required when juror, "because he was ashamed", did not disclose that his brother was a convicted felon); *with United States v. Casamayor*, 837 F.2d 1509, 1515 (11th Cir.1988) (no new trial required when juror failed to disclose that, twenty-three years before trial, he had been a police trainee

because nondisclosure was attributable to "inattentiveness"); *Baca v. Sullivan*, 821 F.2d 1480, 1482–83 (10th Cir.1987) (no new trial required when juror failed to disclose that his brother was a retired police officer because *voir dire* questions inquired only of close relatives *presently* in law enforcement); *United States v. O'Neill*, 767 F.2d 780, 784–85 (11th Cir.1985) (no new trial required when juror failed to disclose that two close friends were narcotics agents because *voir dire* questions inquired only of *relatives* in law enforcement); and *De la Rosa v. Texas*, 743 F.2d 299, 306–06 (5th Cir.1984), *cert. denied*, 470 U.S. 1065, 105 S.Ct. 1781, 84 L.Ed.2d 840 (1985), (no new trial required when juror failed to disclose that his stepfather was a repeat murderer because *voir dire* questions did not directly solicit the information).

**13.** *United States v. Stratton*, 649 F.2d 1066, 1082 (5th Cir.1981); *United States v. McIver*, 688 F.2d 726, 729 (11th Cir.1982). *Cf. Willie v. Maggio*, 737 F.2d 1372, 1379 (5th Cir.), *cert. denied*, 469 U.S. 1002, 105 S.Ct. 415, 83 L.Ed.2d 342 (1984) ("[W]hen jurors have participated in a defendant's prior conviction, or his guilt, either past or present, appears to have been conclusively established in their presence, prejudice may be inevitable.").

**14.** *E.g., United States v. Sandoval*, 847 F.2d 179, 183–84 & nn. 5–6 (5th Cir.1988).