United States Court of Appeals
Fifth Circuit

**F I L E D**

December 15, 2004

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 03-51102

MICHAEL DEWAYNE JOHNSON,

Petitioner-Appellant,

VERSUS

DOUG DRETKE, Director, Texas Department of Criminal Justice,
Correctional Institutions Division

Respondent-Appellee.

Appeal from the United States District Court
For the Western District of Texas

Before DeMOSS, BENAVIDES and DENNIS, Circuit Judges.

DeMOSS, Circuit Judge:

Petitioner Michael Dewayne Johnson ("Johnson"), a Texas inmate sentenced to die for the murder of Jeffrey Michael Wetterman, seeks a certificate of appealability ("COA") from this Court on two issues of law. Johnson claims that David Vest, an accomplice and witness at his trial, confessed to the crime in a factual stipulation entered under oath prior to his testimony in Johnson's trial. The district court found Johnson did not meet the successive petition requirements, and in the alternative, if he

did, that his claims did not merit relief. Johnson seeks a COA from the district court's denial of relief. For the reasons stated here, the Court grants a limited COA on the following issues: (1) whether the alleged prosecutorial misconduct claims meet the due diligence requirement of 28 U.S.C. § 2244(b)(2)(B)(i); and (2) if so, whether Johnson's prosecutorial misconduct claims merit relief. In all other respects, Johnson's request for COA is denied.

## I. BACKGROUND

On May 8, 1996, Johnson was convicted and received the death penalty for the 1995 murder of Jeff Wetterman, a gas station clerk in Lorena, Texas. Wetterman was shot and killed when he approached Johnson and David Vest, while Vest was pumping gas into a stolen car. The Texas Court of Criminal Appeals ("TCCA") affirmed the conviction and sentence, and the United States Supreme Court denied certiorari. Johnson filed a state application for habeas relief, which was denied on February 18, 2000, after a hearing was held. The TCCA also denied the application based on the trial court's findings. In September 2000, Johnson filed his first application for federal habeas relief in the Western District of Texas. That request was denied, as was his request for a COA and his writ of certiorari to the Supreme Court.

Approximately one week before his scheduled execution, Johnson filed a second state habeas application on February 13, 2003. The TCCA determined that Johnson's application was an abuse of the writ

2

under Article 11.071 of the Texas Code of Criminal Procedure and dismissed his application. Johnson requested leave from this Court to file a successive federal petition. A majority of this panel granted his motion to file a successive writ on February 25, 2003, authorizing the district court to consider a successive habeas corpus application and granting a stay of execution.

The case returned to the district court, which was required to dismiss Johnson's motion without reaching the merits if it believed the claim did not meet the standards for a successive petition. *See* 28 U.S.C. § 2244(b)(4); *Reyes-Requena v. United States*, 243 F.3d 893, 899 (5th Cir. 2001)(citing *Bennett v. United States*, 119 F.3d 468, 469-70 (7th Cir. 1997)). The district court so dismissed Johnson's application, but then proceeded to the merits of his claim and denied habeas relief. Johnson now moves this Court to issue a COA from that denial, claiming that he meets the requirements of § 2244(b)(2)(B) and that he is entitled to habeas relief.

## II. ISSUES PRESENTED

Johnson claims that Vest, an accomplice to the murder and a witness at Johnson's trial, stipulated under oath that Vest shot Wetterman. Vest entered his factual stipulation under oath on February 29, 1996, in the form of a document entitled, "Waiver of Jury Trial, Stipulation of Evidence and Judicial Confession –

3

Felony Plea of Guilty" (the "stipulation").[1]  After entering a plea agreement, Vest testified at Johnson's trial that Johnson shot and killed Wetterman.  The jury did not learn of Vest's sworn confession in the stipulation.

Johnson seeks a COA to appeal the district court's rejection of his successive petition on the following issues: (1) Johnson was deprived of due process of law because the prosecution withheld material evidence, Vest's stipulation, in violation of *Brady v. Maryland*, 373 U.S. 83 (1963), and because the prosecution knowingly permitted false testimony to be presented to the jury in violation of *Giglio v. United States*, 405 U.S. 150 (1972); and (2) his counsel's performance was prejudicially deficient under *Strickland v. Washington*, 466 U.S. 668 (1984).

## III.  DISCUSSION

Johnson filed his section 2254 petition for a writ of habeas corpus after the effective date of AEDPA.  Therefore, his petition is subject to the procedures imposed by AEDPA.

Under AEDPA, a petitioner must obtain a COA before an appeal can be taken to this Court.  28 U.S.C. § 2253(c); *see also Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003).  A COA will be granted

---

[1]There, Vest swore: "I stipulate that I did then and there, while in the course of committing a theft of property and with intent to obtain and maintain control of the property, namely gasoline, intentionally and knowingly cause bodily injury to JEFFREY MICHAEL WETTERMAN, by shooting him with a handgun, and did use and exhibit a deadly weapon, namely said firearm."

4

when the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner makes such a showing if he demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (internal quotation marks and citation omitted). "[A] claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail." *Id*. at 338.

Johnson seeks a COA from the district court's denial of his successive petition. Johnson may proceed with his successive petition, which does not present an issue of new law to be applied retroactively, if he shows:

> (B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(B)(i)-(ii).

The district court found that Johnson could not meet the due diligence requirement of § 2244(b)(2)(B)(i) because "no reasonable argument . . . could establish that [Vest's stipulation] could not

5

have been discovered through the exercise of due diligence" and Johnson failed to establish that no reasonable factfinder would have found him guilty but for the alleged constitutional errors. Upon determining that Johnson's petition did not meet the successive writ requirements, rather than concluding its analysis, the district court proceeded to address and deny the merits of Johnson's claims. Therefore, this Court must consider whether a COA should issue on each of Johnson's claims, which were denied on both procedural and substantive grounds by the district court. Because this case involves the death penalty, "any doubts as to whether a COA should issue must be resolved in [Johnson's] favor." *Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000).

## A. Prosecutorial Misconduct

Johnson's first claims, his allegations of prosecutorial misconduct, are based upon the argument that defense counsel was not provided with the factual stipulation related to Vest's plea. Johnson argues this stipulation established doubt as to Johnson's guilt and impeaches Vest's testimony at Johnson's trial and therefore should have been disclosed to Johnson's counsel. In addition, Johnson claims that the prosecution knowingly presented false testimony to the jury when it permitted Vest to testify contrary to his sworn stipulation.

According to Johnson, the prosecution offered a plea agreement to Vest, obtained his factual stipulation averring his own guilt as

the shooter, offered Vest's testimony at trial against Johnson that Johnson was the shooter, and failed all along to disclose Vest's prior averment to either Johnson's defense counsel or the jury. Thereby, Johnson argues, the prosecution violated *Brady* and knowingly permitted false testimony to be presented to the jury.

Johnson claims that reasonable jurists could debate the district court's determination that Johnson failed to meet the due diligence requirement for successive writs. We agree. Johnson argues he did not know of Vest's stipulation nor could he have been expected to locate it because his case was conducted under the Open File Rule where the state promises to disclose relevant materials. Johnson argues that Vest's confession is relevant to his defense and he was harmed by not knowing of it because he may have presented a different defense or impeached Vest with the statement.

Accordingly, the applicable successive writ requirements of due diligence (*i.e.*, whether Johnson should have or could have known of the stipulation) and harm under AEDPA, arguably collapse into Johnson's *Brady* claim. This Circuit has not yet determined the interaction of prosecutorial duty to disclose and petitioner's due diligence requirements prior to filing a successive writ. If Johnson ultimately demonstrates that the prosecution bore a duty to disclose Vest's stipulation and failed to do so, then reasonable jurists could debate whether Johnson failed to meet the successive writ requirement of due diligence. In other words, it is arguable

7

that Johnson need not demonstrate his own diligence to locate Vest's stipulation if disclosure was the duty of the state and the state failed in this regard.

Although this record does not appear to support an allegation of intentional concealment by the prosecution as the district court noted, the requirements on the prosecution to produce exculpatory evidence to defense counsel do not demand such intent. *See, e.g., Kyles v. Whitley*, 514 U.S. 419, 433-34, 437 (1995)*; United States v. Bagley*, 473 U.S. 667, 676 (1985). Prosecutorial suppression of evidence favorable to the defense "violates due process where the evidence is material to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Brady*, 373 U.S. at 87. A defendant need not request the favorable and material evidence to trigger the prosecution's duty to disclose. *See Strickler v. Greene*, 527 U.S. 263, 280 (1999) ("We have since [*Brady*] held that the duty to disclose such evidence is applicable even though there has been no request by the accused and that the duty encompasses impeachment evidence as well as exculpatory evidence." (citations omitted)).

Johnson also casts his prosecutorial misconduct claims in relation to the presentation of false testimony by the prosecution. The Supreme Court's analysis in *Giglio* was grounded on elements of both *Brady* and *Napue v. Illinois*, 360 U.S. 264 (1959). *Giglio* involved a violation of due process predicated upon a failure, pre-

8

trial, to disclose material evidence favorable to the defense, which then led to the prosecution's presentation of evidence contrary to the favorable evidence at trial. *Giglio*, 405 U.S. at 151-53. There, the material evidence was a prior immunity agreement with the state's primary witness. *Id*. at 154-55. Johnson's arguments referencing *Giglio* augment his *Brady* claim of prosecutorial misconduct. Therefore, there is no need to grant an additional COA on that issue. Rather, the issue of prosecutorial misconduct encompasses both the alleged failure to disclose and the resulting alleged knowing presentation of false testimony.

The State argues that Johnson's petition is additionally time-barred and procedurally defaulted. The district court agreed, finding that Johnson failed to raise this petition within the one-year limitation period established in 28 U.S.C. § 2244(d). However, neither the district court nor the State considered the possible effect of a potentially viable prosecutorial misconduct claim on the question of the petition's timeliness. If Johnson demonstrates, as he will be permitted an opportunity to do, that the State should have and failed to disclose Vest's stipulation, then he might demonstrate that his petition was filed within one year of "the date on which the factual predicate of the claim . . . presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). Similarly, the district court's determination that Johnson's claims are procedurally

9

defaulted may be in error if it is determined that the failure to disclose Vest's stipulation constituted a claim not "reasonably available" at the time of the prior petition. *See Fearance v. Scott*, 56 F.3d 633, 636 (5th Cir. 1995). In finding procedural default, the district court relied upon the fact that Vest's stipulation was available in the public record. However, if the State failed under a duty to disclose the evidence, then its location in the public record, in another defendant's file, is immaterial. *See Banks v. Dretke*, 124 S. Ct. 1256, 1272-73 (2004); *Strickler*, 527 U.S. at 280-81.

Thus, we hold that reasonable jurists could debate whether Johnson has met the successive writ requirements and whether Johnson's claims of prosecutorial misconduct merit habeas relief. Accordingly, a COA is granted and oral argument shall be permitted on these two related issues.

## B. Ineffective Assistance of Counsel

Johnson also requests a COA on his claim that trial counsel performed ineffectively and prejudicially in failing to discover and present to the jury Vest's stipulation. In order to establish this claim, Johnson must show that his counsel's performance was deficient and that Johnson was prejudiced by that deficient performance. *Strickland*, 466 U.S. at 693-96. Whether the representation was deficient is determined as measured against an objective standard of reasonableness. *Kitchens v. Johnson*, 190

10

F.3d 698, 701 (5th Cir. 1999). "A conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness." *United States v. Jones*, 287 F.3d 325, 331 (5th Cir. 2002)(quoting *Garland v. Maggio*, 717 F.2d 199, 206 (5th Cir. 1983)).

Johnson claims his counsel's performance was deficient because Vest's stipulation to shooting Wetterman was not presented to the jury. Johnson reiterates his belief that counsel did not have the stipulation nor know of it but argues in the alternative that if the stipulation were available to defense counsel, then counsel's failure to present it constituted deficient performance.

Regardless of counsel's knowledge of the stipulation, though, Johnson cannot demonstrate deficient performance. Defense counsel made a strategic decision to present an alibi defense on Johnson's behalf. Given the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," *Strickland*, 466 U.S. at 689, we cannot say that the choice to present an alibi defense on Johnson's behalf was deficient. The fact that the alibi defense was not ultimately prevailing does not inform the analysis. *See id*. at 690 ("The availability of intrusive post-trial inquiry into attorney performance . . . would encourage the proliferation of ineffectiveness challenges.

11

Criminal trials resolved unfavorably to the defendant would increasingly come to be followed by a second trial, this one of counsel's unsuccessful defense.").

It is beyond debate that defense counsel's choice to defend Johnson on the basis of an alibi falls within the wide range of acceptable and sufficient representation and was objectively reasonable. Because Johnson has not met the first prong of *Strickland*, we need not reach the question of prejudice, *id*. at 697, and we deny his request for a COA on the ground of ineffective assistance of counsel.

## IV.  CONCLUSION

For the foregoing reasons, Johnson's request for a COA is GRANTED as to two issues: (1) whether his alleged prosecutorial misconduct claims meet the due diligence requirement of 28 U.S.C. § 2244(b)(2)(B)(i); and (2) if so, whether Johnson's prosecutorial misconduct claims merit relief. More specifically, the second issue entails two questions: whether the government had an obligation to disclose Vest's stipulation and failed to do so, harming Johnson; and whether the government knowingly solicited material, false testimony at trial.

In all other respects, Johnson's request for COA is DENIED. It is further ORDERED that the Clerk of Court shall establish a briefing schedule, set this appeal for oral argument, and notify

12

this panel when briefing is completed.

COA GRANTED IN PART; DENIED IN PART.