

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-0385-08

**JOHN URANGA, III, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE SIXTH COURT OF APPEALS
### WICHITA COUNTY

**PRICE, J., filed a dissenting opinion in which HOLCOMB, J., joined.**

## DISSENTING OPINION

Without fanfare, the Court today announces that there is no such thing as the Sixth

Amendment doctrine of implied bias. The whole thing is apparently a figment of Justice

O'Connor's imagination. I am here to attest that the implied bias doctrine does exist. I know

it does; I have seen it.

Writing for a nearly unanimous Court two-and-a-half years ago, albeit in dicta, I

described the provenance of the Sixth Amendment's implied bias doctrine.[1] After summarizing the facts and holding of the majority opinion in *Smith v. Phillips*,[2] I turned to Justice O'Connor's concurring opinion and explained:[3]

> Justice O'Connor joined the majority opinion in *Smith v. Phillips*, but wrote separately to express her view that the due-process holding contained therein did not "foreclose" application of the Sixth Amendment doctrine "of 'implied bias' under appropriate circumstances."[4] She pointed out that sometimes a prospective juror's own ability to objectively gauge his impartiality may be impaired, or he may even have a motive not to disclose it.[5] She continued:
>
> > While each case must turn on its own facts, there are some extreme situations that would justify a finding of implied bias. Some examples might include a revelation that the juror is an actual employee of the prosecuting agency, that the juror is a close relative of one of the participants in the trial or the criminal transaction, or that the juror was a witness or somehow involved in the criminal transaction. Whether or not the state proceedings result in a finding of "no bias," the Sixth Amendment right to an impartial jury should not allow a verdict to stand under such circumstances.[6]

---

[1] *State v. Morales*, 253 S.W.3d 686 (Tex. Crim. App. 2008).

[2] 455 U.S. 209 (1982).

[3] *Id*. at 694-96 (footnotes from the original *Morales* opinion will be reproduced here, in the margin, in footnotes four through twelve, *post*).

[4] *Smith v. Phillips*, *supra*, at 221.

[5] *Id*. at 222.

[6] *Id*.

Justice O'Connor's view that the Sixth Amendment doctrine of implied bias survived the majority's due-process analysis in *Smith v. Phillips* was later endorsed by five members of the Court, albeit in separate opinions, in *McDonough Power Equipment, Inc. v. Greenwood*.[7]

Indeed, the Sixth Amendment doctrine can be traced back at least as far as 1936, when the Supreme Court observed that "[t]he [Sixth] Amendment prescribes no specific tests. The bias of a prospective juror may be actual or implied; that is, it may be bias in fact or bias conclusively presumed as a matter of law."[8] Some have traced its genesis to Chief Justice Marshall's 1807 seminal opinion as a circuit judge in the Aaron Burr treason trial in *United States v. Burr*.[9] Whatever its provenance, the doctrine of implied bias has been recognized and applied by many of the federal circuit courts of appeals,[10] and

---

[7]

464 U.S. 548, 556-57 (1984) (Blackmun, J., joined by Stevens and O'Connor, JJ., concurring) ("it remains within a trial court's option, in determining whether a jury was biased, to order a post-trial hearing at which the movant has the opportunity to demonstrate actual bias or, in exceptional circumstances, that the facts are such that bias is to be inferred."); *id*. at 558 (Brennan, J., joined by Marshall, J., concurring) ("for a court to determine properly whether bias exists, it must consider at least two questions: are there any facts in the case suggesting that bias should be conclusively presumed; and, if not, is it more probable than not that the juror was actually biased against the litigant.").

[8]

*United States v. Wood*, 299 U.S. 123, 133 (1936). *See Franklin v. State*, 138 S.W.3d 351, 363-64 (Tex. Crim. App. 2004) (Cochran, J., dissenting).

[9]

*See United States v. Haynes*, 398 F.2d 980, 983-984 (2nd Cir. 1968), citing *United States v. Burr*, 25 Fed.Cas. 49 (C.C.Va. 1807). Without expressly invoking the Sixth Amendment, Chief Justice Marshall observed in *Burr*, *supra*, at 50:

The end to be obtained is an impartial jury; to secure this end, a man is prohibited from serving on it whose connexion with a party is such as to induce suspicion of his partiality. The relationship may be remote; the person may never have seen the party; he may declare that he feels no prejudice in the case; and yet the law cautiously incapacitates him from serving on the jury because it suspects prejudice, because in general persons in a similar situation would feel prejudice.

[10]

The Second, Fifth, Seventh, Ninth and Tenth Circuits seem to have accepted the Sixth Amendment implied bias doctrine without qualification. *E.g.*, *United States v. Torres*, 128 F.3d 38,

by some of the courts of appeals in Texas.[11]  A few of the federal circuit courts have pointed out that the Supreme Court has never actually reversed a conviction on the basis of implied bias and have questioned whether the doctrine survived *Smith v. Phillips*, notwithstanding Justice O'Connor's concurring opinion.  Those courts have nevertheless assumed (without deciding) that the doctrine remains viable, but have held that it did not apply to establish a Sixth Amendment violation on the particular facts presented.[12]

Since the time we issued our opinion in *Morales*, the federal courts of appeals have continued

to recognize and apply the implied bias doctrine.[13]  Indeed, the Fifth Circuit regards the

45-6 (2nd Cir. 1997);  *Brooks v. Dretke*, 444 F.3d 328 (5th Cir. 2006) (Opinion on rehearing);  *Solis v. Cockrell*, 342 F.3d 392, 395 (5th Cir. 2003);  *United States v. Scott*, 854 F.2d 697, 700 (5th Cir. 1988); *United States v. Nell*, 526 F.2d 1223, 1229 (5th Cir. 1976);  *United States v. Polichemi*, 219 F.3d 698, 704-05 (7th Cir. 2000);  *Hunley v. Godinez*, 975 F.2d 316, 318-19 (7th Cir. 1992);  *Fields v. Brown*, 503 F.3d 755, 770 (9th Cir. 2007), *cert. denied* [552] U.S. [1314], No. 07-8724 (April 14, 2008);  *United States v. Gonzalez*, 214 F.3d 1109, 1112 (9th Cir. 2000);  *Dyer v. Calderon*, 151 F.3d 970, 981-82 (9th Cir. 1998);  *Tinsley v. Borg*, 895 F.2d 520, 526-29 (9th Cir. 1990);  *United States v. Eubanks*, 591 F.2d 513, 517 (9th Cir. 1979);  *United States v. Allsup*, 566 F.2d 68, 71-72 (9th Cir. 1977);  *United States v. Cerrato-Reyes*, 176 F.3d 1253, 1260-61 (10th Cir. 1999);  *Gonzales v. Thomas*, 99 F.3d 978, 987 (10th Cir. 1996);  *Burton v. Johnson*, 948 F.2d 1150, 1158 (10th Cir. 1991).  In one of these cases, observing that "[t]he concept of implied bias is well-established in the law[,]" the Seventh Circuit Court of Appeals held that a 15-year employee of the United States Attorneys Office was biased as a matter of law notwithstanding her assertions that she could be fair and impartial.  *United States v. Polichemi*, *supra*, at 705.

[11]  *Ruckman v. State*, 109 S.W.3d 524, 528 (Tex. App.—Tyler 2000, pet. ref'd);  *Harvey v. State*, 123 S.W.3d 623, 631 (Tex. App.—Texarkana 2003, pet. ref'd).

[12]  The Fourth and Sixth Circuits have tentatively suggested that the implied bias doctrine might have been abrogated, but they have avoided resolving the issue by holding that it would not apply in any event to the facts presented in any of the cases before them.  *E.g.*, *Connor v. Polk*, 407 F.3d 198, 206 n.4 (4th Cir. 2005);  *Jones v. Cooper*, 311 F.3d 306, 312-13 (4th Cir. 2002);  *Fitzgerald v. Greene*, 150 F.3d 357, 365 (4th Cir. 1998);  *Person v. Miller*, 854 F.2d 656, 664 (4th Cir. 1988);  *Johnson v. Luoma*, 425 F.3d 318, 326-27 (6th Cir. 2005);  *United States v. Frost*, 125 F.3d 346, 380 (6th Cir. 1997).

[13]  *See Estrada v. Scribner*, 512 F.3d 1227, 1240 (9th Cir. 2008) ("in extraordinary cases, courts may presume bias based on the circumstances.") (internal quotation marks omitted);  *United States v.*

doctrine as so entrenched that it has seen fit to reverse a capital murder conviction on the basis of implied juror bias even under the rigorously deferential criteria governing federal habeas review under the Antiterrorism and Effective Death Penalty Act.[14]

Notwithstanding the durability of the Sixth Amendment doctrine of implied bias, the Court today rejects it almost effortlessly, citing only the majority opinion in *Smith v. Phillips* for support.[15] But *Smith v. Phillips* was decided under the Fourteenth Amendment's due process requirement of a fair trial, not the Sixth Amendment's independent guarantee of an impartial jury. The majority in *Smith v. Phillips* observed that "due process does not require a new trial every time a juror has been placed in a potentially compromising situation."[16] As

---

*Brazelton*, 557 U.S. 750, 753 (7th Cir. 2009) ("The concept of implied bias is well-established in the law."); *Hatten v. Quarterman*, 570 F.3d 595, 600 (5th Cir. 2009) ("There is also a narrow class of relationships described by Justice O'Connor's concurrence in *Smith v. Phillips*, and recognized by this court on several occasions, for which a juror can be presumed biased."). The Sixth Circuit continues to assume, without deciding, that the doctrine of implied bias abides, but does not in any event call for reversal on the facts of the particular case. *United States v. Russell*, 595 F.3d 633, 641-42 (6th Cir. 2010); *Treesh v. Bagley*, 612 F.3d 424, 437 (6th Cir. 2010). And lately, the Eighth Circuit has noted, but not resolved, an inconsistency in its own case law with respect to whether it will apply implied bias. *Sanders v. Norris*, 529 F.3d 787, 791-93 (8th Cir. 2008).

[14]

*See Brooks v. Dretke*, *supra*, at 329 ("We maintain that the doctrine of implied bias is 'clearly established Federal law as determined by the Supreme Court'" for purposes of 28 U.S.C. § 2254(d)(1), which requires federal habeas judges to defer to the judgments of state courts unless a particular state court judgment is "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States").

[15]

Majority opinion, at 10-11 (holding that *Smith v. Phillips* stands for the categorical proposition that a hearing will invariably prove to be an adequate procedure for revealing actual juror bias).

[16]

455 U.S. at 217.

Justice O'Connor emphasized in her concurring opinion, there is no inherent conflict between this due process principle and the co-existing Sixth Amendment principle that *some* jurors may find themselves in situations that are *so* compromising that a hearing will not satisfy the guarantee of an impartial jury. Determining actual bias on a juror's part is problematic to begin with, "partly because the juror may have an interest in concealing his own bias and partly because the juror may be unaware of it."[17] At a certain point, the potential for bias may reach such a level that judges cannot depend on the time-honored tools for gauging credibility, such as tone of voice and demeanor, to ascertain the trustworthiness of the juror's claims of impartiality. While affording the accused a hearing in which to try to root out actual bias under these circumstances may always satisfy his right to the procedural protections of due process, meant to ensure basic fairness, it will sometimes prove inadequate to ensure jury impartiality for Sixth Amendment purposes. Justice O'Connor's valid insight is that the *Smith v. Phillips* majority's Fourteenth Amendment due process holding may be harmonized with the Sixth Amendment promise of jury impartiality so long as courts continue to recognize that, under certain extreme circumstances, they should refuse to proceed to verdict or uphold a conviction on appeal even in the face of a juror's confident assurances that he can be fair and disinterested. Nothing that I can find in the majority opinion in *Smith v. Phillips* necessarily contradicts Justice O'Connor's insight, much less

---

[17] *Id*. at 221-22 (O'Connor, J., concurring).

expressly rejects it. This Court's reliance on that majority opinion today to disown the Sixth Amendment doctrine of implied bias is, in my view, a grievous mistake.

Applying the doctrine of implied bias on the facts of this case, I would reverse the appellant's conviction and remand the cause for a new punishment hearing. A juror who unexpectedly turns out to be the victim of one of the accused's extraneous offenses does not fit neatly into any of Justice O'Connor's categories. But her list was only intended to be exemplary, not exhaustive. I can think of few more compelling motives a juror could have to impose punishment on an improper basis than the motive to avenge some wrong perpetrated by the accused upon the juror himself. That the extraneous offense the appellant committed against the juror in this case is a relatively benign property offense makes no difference. It is still a highly personal affront against the juror. The high potential for injecting personal animus into the jury room during the punishment deliberations counsels against our trusting either the juror's claim to indifference or the efficacy of any judicial admonishment to ensure fairness.

The Sixth Amendment implied bias doctrine is alive and well and ought to be applied on the facts of this case. The Court should reverse the judgment of the court of appeals and remand the cause to the trial court for a new punishment proceeding.[18] Because it does not, I respectfully dissent.

---

[18] TEX. CODE CRIM. PROC. art. 44.29(b).

FILED:     November 17, 2010
PUBLISH