# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 7, 2011

No. 09-70036

Lyle W. Cayce
Clerk

LARRY RAY SWEARINGEN

Petitioner - Appellant

v.

RICK THALER, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent - Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:09-CV-300

Before JONES, Chief Judge, and JOLLY and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:[*]

Appellant Larry Ray Swearingen was scheduled for execution on January 27, 2009. He sought permission to file a successive petition for writ of habeas corpus, which this court granted in part the day before his execution. *In re Swearingen*, 556 F.3d 344 (5th Cir. 2009). On remand, however, the district court concluded that Swearingen failed to satisfy the requirements of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-70036

28 U.S.C. §§ 2244(b)(2)(B)(i) and (ii). *Swearingen v. Thaler*, No. H-09-300, 2009 WL 4433221 (S.D. Tex. Nov. 18, 2009). He appeals that decision.

A successive habeas petition is appropriate where:

(i)   the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

(ii)   the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(B). Swearingen contends that he learned for the first time in 2008 of tissue samples that exonerate him of the murder of Melissa Trotter. He further contends that he could not have discovered the existence of the samples prior to 2008 and that his attorneys provided constitutionally ineffective assistance by failing to uncover and employ this evidence. As the district court explained, however, these arguments are unavailing. The evidence existed at the time of trial, 2009 WL 4433221 at *16-17, and even if it were not discoverable through due diligence, it does not constitute "clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found [Swearingen] guilty of the underlying offense." *See Johnson v. Dretke*, 442 F.3d 901, 911 (5th Cir. 2006) (explaining the high threshold for § 2244(b)(2)(B)(ii) innocence showing). Likewise, we affirm the district court's conclusion that Swearingen has not demonstrated ineffective assistance of counsel. Swearingen's trial counsel developed a reasonable strategy, including expert testimony regarding the time of Trotter's death. *See Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052 (1984).

No. 09-70036

We AFFIRM the dismissal of Swearingen's successive habeas corpus petition.

**AFFIRMED.**