**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 13, 2012

No. 10-31051

Lyle W. Cayce
Clerk

JESSIE JAMES WILEY

Petitioner-Appellant

v.

HARVEY GRIMMER, WARDEN

Respondent-Appellee

Appeal from the United States District Court for the
Western District of Louisiana, Monroe Division

Before JOLLY, DAVIS, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Petitioner Jessie James Wiley appeals the denial of his petition for habeas corpus arguing that his trial attorney's failure to challenge the inclusion on the jury of an employee of the parish sheriff's department constituted ineffective assistance of counsel. Because we find that the record shows the juror was not impliedly biased and petitioner suffered no prejudice, we affirm the district court's denial of habeas relief.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-31051

I.

Jessie James Wiley (Wiley) was charged with possession of cocaine with intent to distribute in Tensas Parish, Louisiana. During the jury selection for his trial in state court, Wiley's attorney did not challenge the inclusion of Richard Townsend (Townsend), an employee of the parish sheriff's department. Townsend stated to the court that he was employed as a janitor at a local high school, and that he worked on the night shift as a jailer with the Tensas Parish Sheriff's office. Townsend had been employed as a jailer for about two months prior to the trial, during which time he had heard nothing about Wiley's case other than "street talk." When asked whether he would be able to vote "not guilty" if he felt that the state failed to meet its burden of proof, Townsend said that he would. Neither Thomas nor the state's attorney objected to the placement of Townsend on the jury.

At trial, the Sheriff of Tensas Parish served as the state's case agent and its first witness against Wiley. Two of the sheriff's deputies testified as fact witnesses against Wiley. At the conclusion of the trial, the jury voted 10-2 to convict Wiley. Townsend, the jury foreman, voted with the majority.

After his sentence and conviction were affirmed on direct appeal, Wiley filed a pro se petition in state court for post-conviction relief. He asserted, inter alia, that the jury was unconstitutionally selected because it included Townsend, a jailer, and Marcus Harvey (Harvey), who was employed as a patrolman in Tensas Parish. Wiley also argued that his counsel's failure to challenge Townsend constituted ineffective assistance of counsel. The state court denied Wiley's petition, finding with respect to the ineffective assistance of counsel claim that Townsend's testimony demonstrated that he was not influenced by his position as a jailer, and that Wiley had failed to allege any facts that would constitute actual prejudice as required by the *Strickland* standard.

2

No. 10-31051

Wiley then filed a petition in district court pursuant to 28 U.S.C. § 2254, alleging the same claims that he alleged in his state court petition. The district court denied that petition, concluding that Wiley had failed to overcome the bar on relitigation and had failed to show that he was prejudiced by his counsel's purported deficiencies.

Wiley filed a notice of appeal and sought a Certificate of Appealability (COA), which the district court denied. On appeal, this court granted a COA in part, vacated the district court's judgment regarding the claim of ineffective assistance of counsel, and remanded to the district court. On remand, the district court ordered an evidentiary hearing and appointed counsel for Wiley.

Following the evidentiary hearing and the submission of post-hearing briefs, the district court denied Wiley's petition and simultaneously denied a COA. Wiley appealed that ruling, and this court granted a COA regarding the claim that Wiley's trial counsel was ineffective in failing to challenge the inclusion of Townsend.

## II.

We review a district court's denial of habeas relief "for clear error with respect to findings of fact and *de novo* for issues of law." *Richardson v. Joslin*, 501 F.3d 415, 417 (5th Cir. 2007).

Because Wiley's ineffective assistance of counsel claim was litigated and denied in state court, the Antiterrorism and Effective Death Penalty Act's provisions on relitigation apply here. The Antiterrorism and Effective Death Penalty Act (AEDPA) generally bars relitigation of claims that have previously been adjudicated on the merits by a state court. 28 U.S.C. § 2254(d); *see Premo v. Moore*, 131 S. Ct. 733, 739 (2011); *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). A petitioner may overcome that bar and obtain federal habeas relief on a claim that has been litigated in state court only if the petitioner can show that the state court's decision was contrary to clearly established federal law, as

No. 10-31051

determined by the Supreme Court, that the decision was an unreasonable application of such law, or that the decision was based on an unreasonable factual determination. 28 U.S.C. § 2254(d)(1)–(2); *see also Penry v. Johnson*, 532 U.S. 782, 792 (2001). The standard established by the AEDPA and Supreme Court precedent is highly deferential, permitting a federal court to grant relief on a previously litigated claim only "where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [Supreme Court] precedents." *Harrington v. Richter*, 131 S.Ct. 770, 786 (2011).

### III.

In denying Wiley's post-conviction habeas petition, the state court found that Wiley failed to show that Townsend was biased. A juror is biased if his views would prevent or substantially impair the performance of his duties. *Soria v. Johnson*, 207 F.3d 232, 242 (5th Cir. 2000). If a juror is not biased, counsel's failure to challenge that juror does not support a claim for ineffective assistance of counsel. *See Virgil v. Dretke*, 446 F.3d 598, 608-09 (5th Cir. 2006).

Because there is no evidence of express bias here, Wiley must show specific facts demonstrating such a close connection between Townsend and the circumstances at hand that bias is implied as a matter of law. *United States v. Scott*, 854 F.2d 697, 699 (5th Cir. 1988). Juror bias is imputed only in extraordinary circumstances, *Andrews v. Collins*, 21 F.3d 612, 620 (5th Cir. 1994), and no such circumstances were presented in this case. *See Scott*, 854 F.2d at 699-700; *United States v. Buckhalter*, 986 F.2d 875, 879 (5th Cir. 1993); *Brooks v. Dretke*, 444 F.3d 328, 332 (5th Cir. 2006).

As a jailer at the parish courthouse, Townsend did have some connection to the prosecution. His employer, the Tensas Parish Sheriff, served as the case agent for the state and testified on the state's behalf, as did two of the sheriff's deputies, and Townsend said during voir dire that he knew the prosecutor handling the case. But during his testimony at a hearing on Wiley's state

No. 10-31051

motion for a new trial, Townsend stated that he had no contact with the sheriff during the trial, that he did not advise other jurors that he had any connection to the sheriff, and that he did not believe that he influenced the jury or represented the sheriff while serving on the jury. Townsend's limited connection to the prosecution, about which he was entirely forthcoming, is not analogous to cases in which jurors purposefully concealed their close connection to law enforcement in order to serve on the jury, as in *Scott* and *Buckhalter*, or in which the prosecutor had clear power over the juror that could have influenced the juror's deliberation, as in *Brooks*.[1]

## IV.

For the foregoing reasons, we conclude that the evidence shows that Townsend was not impliedly biased. Accordingly, we AFFIRM the district court's denial of habeas relief to Wiley.

The judgment of the district court is AFFIRMED.

---

[1] Because of the highly deferential standard established by the AEDPA, we do not need to go beyond determining that the state court was reasonable in determining that Townsend was unbiased and petitioner did not suffer prejudice. We have no quarrel, however, with the district court's conclusion that counsel's decision not to challenge Townsend was an informed strategic decision. Trial counsel concluded, based on thirty-five years of practice in Tensas Parish, that Townsend, who was young, African-American, and somewhat familiar with Wiley, would be more sympathetic than a "white, conservative farmer." We agree with the district court that this was not "so ill chosen [a strategy] that it permeate[d] the entire trial with obvious unfairness." *Johnson v. Dretke*, 394 F.3d 332, 337 (5th Cir. 2004).