# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 28, 2026

Lyle W. Cayce
Clerk

———————

No. 24-20112

———————

Donnie Ray Pearson,

*Petitioner—Appellant*,

*versus*

Eric Guerrero, *Director, Texas Department of Criminal Justice, Correctional Institutions Division*,

*Respondent—Appellee*.

————————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:21-CV-3269

————————————————————

Before Elrod, *Chief Judge*, and Clement and Haynes, *Circuit Judges*.
Per Curiam:[*]

Donnie Ray Pearson was convicted of super-aggravated sexual assault of a child. At trial, immediately after *voir dire*, one of the jurors sent a note to the judge saying that she had been molested as a child, but she thought she could be fair. In this federal habeas appeal, Pearson argues that he was denied the effective assistance of counsel because his attorney did not challenge or

———————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-20112

strike the juror. But because this case does not present the kind of situation in which courts have implied bias to jurors, we affirm the district court's denial of Pearson's habeas petition.

I

In November 2010, Pearson was indicted in Texas state court for super-aggravated sexual assault of a child. Pearson pleaded not guilty, and the case proceeded to trial. After *voir dire*, the lawyers approached the bench to discuss their for-cause challenges. During this discussion, the judge said the following:

> Okay. I have just received a note from the clerk. It says—it's Juror No. 27. It says: I think I can be fair but I was molested as a child. I didn't want to speak up in front of everyone. I just want y'all to know that. Says they can be fair, so I don't know how you want to handle that. And I will make this a part of the record.

Neither party said anything about the note. Pearson's trial counsel, Neal Davis III, did not challenge Juror 27 for cause or use a peremptory strike. Juror 27 ultimately served on the petit jury, which found Pearson guilty and assessed a punishment of life imprisonment without parole. Texas's Fourteenth Court of Appeals affirmed Pearson's conviction in an unpublished opinion, and the Texas Court of Criminal Appeals ("CCA") refused discretionary review.

Pearson then applied for a writ of habeas corpus in Texas state court, asserting that he was denied effective assistance of counsel at trial because Davis failed to challenge or strike Juror 27. The state district court recommended that the CCA deny Pearson's habeas application. The court found that Pearson failed to show both that Juror 27 was biased or challengeable for cause and that Davis was deficient for failing to challenge

2

or strike Juror 27 from the jury. Thus, the court concluded that Pearson failed to show that he was denied effective assistance of counsel. The CCA denied Pearson's application without written order based on the findings of the trial court and the CCA's independent review of the record.

Pearson next filed a federal habeas petition under 28 U.S.C. § 2254, again arguing that Davis performed deficiently because he failed to challenge or strike Juror 27. The district court dismissed Pearson's petition with prejudice. The court deferred to the state habeas court's factual finding that Juror 27 was not actually biased. As to whether Pearson had shown that Juror 27 was impliedly biased, the court opined that it is an open question in this circuit whether the doctrine of implied juror bias is clearly established law. Nevertheless, the court determined that this case does not present the kind of extreme situation in which courts can imply juror bias. Because Pearson had not shown that Juror 27 was biased, the court determined that Davis's failure to challenge Juror 27 did not support a claim for ineffective assistance of counsel.

Pearson timely appealed, and we granted a certificate of appealability as to his claim that Davis provided ineffective assistance by failing to challenge a potentially biased juror.

II

Review of a district court's denial of a § 2254 petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Buckner v. Davis*, 945 F.3d 906, 909 (5th Cir. 2019). We "review[] issues of law de novo and findings of fact for clear error, applying the same deference to the state court's decision as did the district court." *Id.* (citing *Ortiz v. Quarterman*, 504 F.3d 492, 496 (5th Cir. 2007)).

No. 24-20112

Pearson's ineffective-assistance claim was adjudicated on the merits in state court. Accordingly, under the provision of AEDPA relevant to this appeal, we may grant habeas relief only if the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

## III

As a threshold matter, the State contends that Pearson did not exhaust all available state-court remedies as required by AEDPA, 28 U.S.C. § 2254(b)(1)(A), because the claim he presented to the state courts is different than the claim he advances in federal court. According to the State, Pearson argued in state court that Juror 27 was *actually* biased and did not raise the issue of *implied* bias until he filed his reply brief in the federal district court.

We reject this argument because Pearson fairly presented his ineffective-assistance claim to the state courts. *See Picard v. Connor*, 404 U.S. 270, 275 (1971). Pearson stated his claim the same way in his state and federal habeas petitions: "Counsel failed to challenge for cause or exercise a peremptory strike on a venire member who was molested as a child and served on the jury." Although Pearson's state habeas application did not mention the phrase "implied bias," he argued that Juror 27's "prior experience gave her a bias or prejudice against [Pearson] because her views likely prevented or substantially impaired the performance of her duties" as a juror, even though "her note read, 'I think I can be fair.'" This same argument was the basis for Pearson's implied-bias theory in his federal petition. The substance of Pearson's federal habeas claim was presented to

4

the state court, *see id.* at 278, so we proceed to the merits of Pearson's ineffective-assistance claim.

Pearson's claim is governed by the two-prong standard set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984): He "must show that counsel's performance was deficient" and "that the deficient performance prejudiced the defense." Pearson's *Strickland* claim is based on the failure of his trial counsel to strike or challenge an allegedly biased juror. Thus, his claim hinges on whether Juror 27 was biased; counsel's failure to challenge or strike an unbiased juror cannot support a claim for ineffective assistance of counsel. *See Virgil v. Dretke*, 446 F.3d 598, 608–09 (5th Cir. 2006).

"A juror is biased if his 'views would prevent or substantially impair the performance of his duties as a juror in accordance with his instructions and his oath.'" *Hatten v. Quarterman*, 570 F.3d 595, 600 (5th Cir. 2009) (quoting *Soria v. Johnson*, 207 F.3d 232, 242 (5th Cir. 2000)). Juror bias can be either actual or implied. "Actual bias exists when the juror failed to answer a material question honestly on voir dire, and a correct response would have provided a valid basis for a challenge for cause." *Id.* Pearson does not argue that Juror 27 was actually biased.

Implied bias, on the other hand, applies in certain limited circumstances "in which no reasonable person could not be affected in his actions as a juror and in which the Constitution refuses to accept any assurances to the contrary." *Brooks v. Dretke*, 444 F.3d 328, 331 (5th Cir. 2006). Our court has looked to Justice O'Connor's concurring opinion in *Smith v. Phillips*, 455 U.S. 209 (1982), when determining the kinds of "extreme situations that would justify a finding of implied bias." *Id.* at 222 (O'Connor, J., concurring); *e.g.*, *Solis v. Cockrell*, 342 F.3d 392, 396 (5th Cir. 2003) ("Following Justice O'Connor's concurrence in *Smith* our circuit has

recognized the implied bias doctrine, albeit with carefully watched limits."). "While each case must turn on its own facts," Justice O'Connor offered three examples of situations in which courts might presume a juror is biased: "a revelation that the juror is an actual employee of the prosecuting agency, that the juror is a close relative of one of the participants in the trial or the criminal transaction, or that the juror was a witness or somehow involved in the criminal transaction." *Smith*, 455 U.S. at 222 (O'Connor, J., concurring). In addition, our court has implied bias where a juror failed to disclose that his brother was a detective in the sheriff's office that investigated the case, *United States v. Scott*, 854 F.2d 697, 698–700 (5th Cir. 1988), and where the district attorney's office prosecuting a case was simultaneously prosecuting a member of the jury for bringing a handgun into the courthouse, *Brooks v. Dretke*, 418 F.3d 430, 431–32, 434–35 (5th Cir. 2005). In such extreme scenarios, "a juror has a close connection to the circumstances at hand, [so] bias may be presumed as a matter of law." *Buckner*, 945 F.3d at 910.

Even assuming *arguendo* that the doctrine of implied juror bias is clearly established federal law in this circuit for the purposes of 28 U.S.C. § 2254(d)(1), this case "is outside the 'extreme genre of cases' that would warrant" applying the doctrine. *Buckner*, 945 F.3d at 915. Accordingly, we join recent panels of this court in declining to "revisit[] whether this Court recognizes the implied-bias doctrine as clearly established law." *Id.*; *see also Uranga v. Davis*, 893 F.3d 282, 288 (5th Cir. 2018); *Craaybeek v. Lumpkin*, 855 F. App'x 942, 947 (5th Cir. 2021).

Juror 27 had no connection to any participant in the trial, and she was in no way involved in the offense giving rise to Pearson's prosecution. *See Smith*, 455 U.S. at 222 (O'Connor, J., concurring). Nor is this situation comparable to the circumstances we considered in *Scott* or *Brooks*. To be sure, we have previously remarked that most cases "embracing the implied

bias doctrine . . . have done so because the juror had a close relationship with one of the important actors in the case or was otherwise emotionally involved in the case, usually because the juror was the victim of a similar crime." *Solis*, 342 F.3d at 398–99. But Pearson has not identified a case in which either this court or the Supreme Court has implied bias based on a juror's experience as a victim of a similar crime.

In fact, we declined to do just that in *Buckner*. Buckner was convicted of aggravated sexual assault of a child in Texas state court. 945 F.3d at 908. After the trial, Buckner's counsel moved for a new trial and submitted an affidavit asserting that one of the jurors had been sexually abused by his father and "was the victim, in a separate incident, of kidnapping and attempted sexual assault." *Id.* at 908–09. The affidavit did not provide any details about the alleged incidents or disclose how Buckner's attorney learned of them. *Id.* at 909. Even assuming that the unsupported affidavit was actual evidence of the juror's abuse, we held that the "scant facts" presented did "not reveal circumstances so inevitably attended by emotional involvement that protestations of fairness cannot sufficiently cure the resulting bias." *Id.* at 914. "In the absence of additional supporting details of [the juror's] alleged abuse," we concluded that there were no salient factors "that would create inherent emotional involvement." *Id.* at 915.

*Buckner* resolves this case. As in *Buckner*, there are no factors suggesting that Juror 27's experience as a victim of abuse created such a close emotional involvement in the case that she could not be impartial. There are no details in the record about the abuse that Juror 27 experienced and its potential similarity to Pearson's conduct beyond Juror 27's statement that she "was molested as a child." Moreover, Juror 27 voluntarily disclosed that she had been molested; she did not lie or omit relevant information to secure a spot on the jury. *Cf. Scott*, 854 F.2d at 699 ("The record of the *voir dire*

strongly suggests that [the juror] wanted to serve on the jury and feared that he would not be allowed to do so if he disclosed his brother's employment."). Like in *Buckner*, there are no facts suggesting that Juror 27's experience of abuse "would inherently create in a juror a substantial emotional involvement, adversely affecting impartiality," such that the courts must imply that she was biased. *Solis*, 342 F.3d at 399 (quoting *United States v. Powell*, 226 F.3d 1181, 1188–89 (10th Cir. 2000)). Accordingly, even if the doctrine of implied juror bias is clearly established, the state court's determination that Juror 27 was not biased was not contrary to or an unreasonable application of clearly established federal law.

## IV

Because this case does not present the kind of extreme situation in which courts have imputed juror bias, Davis's failure to challenge or strike Juror 27 cannot support Pearson's ineffective-assistance claim. Thus, we AFFIRM the district court's denial of Pearson's 28 U.S.C. § 2254 petition.