# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 2, 2010

No. 09-40392
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff – Appellee

v.

ARTIS RYAN MILLER; FERRELL DAMON SCOTT,

Defendants – Appellants

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 5:08-CR-347-2

Before HIGGINBOTHAM, CLEMENT, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Artis Ryan Miller and Ferrell Damon Scott appeal from their convictions following a joint jury trial. The jury convicted both defendants of conspiracy to possess with intent to distribute over 1,000 kilograms of marijuana and possession with intent to distribute over 100 kilograms of marijuana. The jury convicted Scott of two additional counts of possession with intent to distribute over 100 kilograms of marijuana. Miller was sentenced to a total of 240 months' imprisonment, five years of supervised release, and a $5,000 fine. Scott was

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sentenced to life imprisonment, 10 years of supervised release, and a $10,000 fine.

Scott has filed a motion for appointment of new counsel or, in the alternative, to have his appellate brief stricken and counsel withdrawn so that Scott may proceed pro se. In response to that motion, Scott's counsel has filed a motion for leave to withdraw. We deny both motions as untimely.[1] And because "the general rule in this circuit is that a claim for ineffective assistance of counsel cannot be resolved on direct appeal when the claim has not been raised before the district court," we decline to review the issue at this time.[2]

As for the merits of his appeal, Scott first argues that the prosecutor made several improper comments during closing arguments. Before the trial court, he objected only to the prosecutor's comments regarding Judy Sepulveda, preserving claims of error as to those comments but leaving all others subject to plain error review on appeal.[3] A review of all of the challenged comments shows that they were appropriate as it was clear that any conclusions urged by the prosecutor must be drawn from the evidence.[4] Scott has therefore failed to show any error regarding the prosecutor's closing arguments as to Sepulveda or any error—plain or otherwise—regarding the prosecutor's other closing arguments.[5]

Scott also asserts that the district court erred by denying his motion for a mistrial. He filed that motion after being forcibly removed from the courtroom, an action made necessary by his own outburst during closing arguments. Because the district court gave a curative instruction, and there is no indication

---

[1] *See United States v. Wagner*, 158 F.3d 901, 902–03 (5th Cir. 1998).

[2] *See United States v. Cantwell*, 470 F.3d 1087, 1090 (5th Cir. 2006) (internal quotation marks and citation omitted).

[3] *See United States v. Thompson*, 482 F.3d 781, 785 (5th Cir. 2007).

[4] *See id.* at 785–86.

[5] *See Thompson*, 482 F.3d at 786; *United States v. Machuca-Barrera*, 261 F.3d 425, 435–36 (5th Cir. 2001).

from the record of a significant possibility that the incident had a substantial impact upon the jury's verdict, the district court did not abuse its discretion by denying the motion for mistrial.[6]

Both Scott and Miller argue that the evidence produced at trial was insufficient to support the jury's verdict against them as to their conspiracy convictions. Because both defendants failed to renew their motions for acquittal at the close of all evidence, their sufficiency claims are reviewed for a "manifest miscarriage of justice."[7] Our examination of the record shows that the record is not "devoid of evidence pointing to guilt" so as to meet this demanding standard;[8] rather, even if Scott and Miller had preserved the issue for appeal, we reject it because a rational trier of fact could have found that the evidence produced at trial established guilt beyond a reasonable doubt for the conspiracy charges.[9]

Miller argues that the district court erred by admitting evidence of prior convictions and arrests. The court admitted the evidence under Federal Rule of Evidence 404(b) for the limited purpose of showing intent, opportunity to commit the offense, a plan for the commission of the crime, and the absence of accident or mistake. This was not an abuse of discretion.[10]

Miller asserts that his trial counsel rendered ineffective assistance by failing to ask certain questions of a particular witness in order to corroborate his defense theory. He did not raise this claim in the district court, and the current record is not sufficient to evaluate it fairly. We thus decline to address the claim at this time.[11]

---

[6] *See United States v. Valles*, 484 F.3d 745, 756–57 (5th Cir. 2007).

[7] *United States v. Miller*, 576 F.3d 528, 529 (5th Cir. 2009).

[8] *Id.*

[9] *See Jackson v. Virginia*, 443 U.S. 307, 318 (1979).

[10] *See United States v. Arnold*, 467 F.3d 880, 885 (5th Cir. 2006).

[11] *See Cantwell*, 470 F.3d at 1090.

Miller also argues that the district court erred by denying his motion to suppress a photographic lineup and in-court identification.  He asserts that the procedures surrounding the photographic lineup were improper and tainted the in-court identification.  The record indicates that the district court conducted a suppression hearing and that Miller submitted photographs from the lineup as exhibits for that hearing.  As Miller failed to provide either a transcript of that hearing or the photographic exhibits for the appellate record, we are precluded from review of this issue.[12]

In sum, we DENY all outstanding motions and AFFIRM the judgments of conviction.

---

[12] *See United States v. Narvaez*, 38 F.3d 162, 167 (5th Cir. 1994) ("It is appellant's responsibility to order parts of the record which he contends contain error and his failure to do so prevents us from reviewing this assignment of error.  As the district court relied upon such evidence and as [appellant] failed to order that portion of the record, this court is precluded from reviewing his allegation.") (internal quotation marks and citations omitted).